UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-06056-SVW-MRW | Date | October 7, 2022 |
|---|---|---|---|
| Title | *Strategic Funding Source, Inc. v. Marshall Horizons LLC et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND [8]

Before the Court is a motion to remand by Plaintiff Strategic Funding Source, Inc.  Dkt. 8. Defendants Le'Mar Marshall and Marshall Horizons, LLC oppose the motion. Dkt. 14.  For the foregoing reasons, the Court GRANTS Plaintiff's motion for remand, but DENIES Plaintiff's request for attorney's fees.

First, Defendants removed the case after the 30-day deadline to remove.  Under 28 U.S.C. § 1446(b), "notice of removal of a civil action or proceeding *shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based[.]" (Emphasis added.).  Here, Defendants were personally served with the complaint on July 5, 2022, yet removed the case on August 25, 2022. Declaration of Lauren M. Gibbs ("Gibbs Decl."), Ex. B; Dkt. 1.  Accordingly, removal was untimely.

Second, the Court does not have a proper basis for jurisdiction.  The Court does not have federal question jurisdiction, because Plaintiff's original complaint only asserts two claims for breach of contract.  Gibbs Decl., ¶ 2, Ex. C.  Moreover, Defendants' counterclaims based in federal law[1] cannot confer federal question.  *Katz v. Pezzola*, No. 222CV03183CASMARX, 2022 WL 1684040, at *2 (C.D. Cal. May 24, 2022) ("a case may not be removed based on a federal defense or counterclaim.").

---

[1] Defendants seem to contend that the Court has federal question jurisdiction because of alleged violations of "common & UCC law, trademark & copyright violations, RICO act."  Dkt. 1.  Only the alleged trademark, copyright, and RICO violations could be federal causes of action, and those causes of action appear nowhere in Plaintiff's complaint.  *Id.* Accordingly, the Court construes these alleged violations as either defenses or counterclaims asserted by Defendants.

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-06056-SVW-MRW | Date | October 7, 2022 |
|---|---|---|---|
| Title | *Strategic Funding Source, Inc. v. Marshall Horizons LLC et al* | | |

Additionally, Defendants could not remove the action under diversity jurisdiction. Under section 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed *if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*") (emphasis added). Defendant Marshall is a citizen of California. Gibbs Decl., ¶ 3, Ex. A. Thus, the Court does not have a basis for exercising jurisdiction over the action. Accordingly, the motion to remand is GRANTED.

As to Plaintiff's request for attorney's fees, the Court DENIES the request. When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005). In making this determination, "the court should assess 'whether the relevant case law clearly foreclosed the defendant's basis of removal' by examining the 'clarity of the law at the time of removal.'" *Midway Plaza LP v. Zatarain*, No. 22-CV-90 JLS (JLB), 2022 WL 1026720, at *3 (S.D. Cal. Apr. 6, 2022) (citing *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008)).

Although it was clear to the Court and Plaintiff's counsel that removal was improper, "[t]he Court cannot conclude that it is objectively unreasonable for a pro se party, lacking basic legal knowledge, to attempt to remove [the] action to federal court." *Wilmington Trust, N.A. v. Mobley*, No. CV15-2910 CAS (AJWx), 2015 WL 3649578, at *3 (C.D. Cal. June 10, 2015). *See also Wells Fargo Bank, N.A. v. Hunt*, No. C10–04965JCS, 2011 WL 445801 at *5 (N.D. Cal., Feb.3, 2011) ("In determining whether to award attorneys' fees in cases involving improper removal by a *pro se* defendant, courts accord significant weight to the defendant's lack of representation." The Court acknowledges that Plaintiff corresponded with Defendants following the removal, informing them of the jurisdictional defects, but this correspondence happened after removal. *See Gemini Tr. Co., LLC v. Castiglione*, No. 119CV00572DADEPG, 2019 WL 2611134, at *4 (E.D. Cal. June 26, 2019). Accordingly, the Court finds that attorneys' fees are not warranted.

**It is so ordered.**

  :  
Initials of Preparer  
PMC